UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| Natosha Dunston,<br><br>      Plaintiff,<br>vs.<br><br>71 Pineapple LLC, and<br>Pineapple Cafe LLC,<br><br>      Defendants. |  |

## COMPLAINT

Plaintiff, NATOSHA DUNSTON (hereinafter, "Plaintiff"), by and through undersigned counsel, hereby files this Complaint and sues Defendants, 71 PINEAPPLE, LLC and PINEAPPLE CAFE LLC (hereinafter, "Defendants"), for injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.*, (hereinafter, the "ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter, the "ADAAG").

## JURISDICTION AND VENUE

**1.** This Court has original jurisdiction over the action pursuant to 28 U.S.C., §§1331 and 1343 for Plaintiff's claims arising under 42 U.S.C. § 12181, *et seq.*, based upon Defendants' violations of Title III of the ADA (see also, 28 U.S.C. §§ 2201 and 2202).

**2.** The subject property is a restaurant/bar located at 71 Pineapple Street, Brooklyn, NY 11201 (hereinafter, the "Subject Premises").

**3.** All events giving rise to this lawsuit occurred in the State of New York. Venue is proper in this Court as the Subject Premises are located in the Eastern District.

## PARTIES

**4.** Plaintiff, NATOSHA DUNSTON, is over the age of 18, *sui juris*, and a resident of Kings County, New York. Plaintiff is a left above-the-knee amputee, uses a wheelchair for mobility purposes, and is a qualified individual under the ADA.

**5.** Defendant, 71 PINEAPPLE, LLC, is a domestic limited liability company which is authorized to and does transact business in the State of New York and within this judicial district. Defendant, 71 PINEAPPLE, LLC, is the owner of the Subject Premises.

**6.** Defendant, PINEAPPLE CAFE LLC, is a domestic limited liability company which is authorized to and does transact business in the State of New York and within this judicial district, and is the owner/operator of the restaurant/bar "VINEAPPLE" located at the Subject Premises.

**7.** According to the New York State Liquor Authority, the Defendant, PINEAPPLE CAFE LLC, d/b/a "VINEAPPLE CAFE," was issued an On Premises Liquor license on November 26, 2024 for the Subject Premises.

**8.** VINEAPPLE, located at 71 Pineapple Street in Brooklyn, New York, is a neighborhood café and wine bar offering a curated menu of artisanal small plates, desserts, and a selection of wines and specialty beverages. The establishment features a cozy and inviting atmosphere, blending café-style seating with a relaxed bar setting. The Plaintiff appreciates the quality of the food, beverages, and ambiance at VINEAPPLE. However, despite the Plaintiff's appreciation for the venue, significant accessibility barriers hinder their ability to fully utilize the facilities, in violation of the ADA.

## FACTUAL ALLEGATIONS AND CLAIM

**9.** Plaintiff has visited the Subject Property which forms the basis of this lawsuit in

June 2024, and again on September 18, 2024. On such occasions, the Plaintiff's ability to ambulate through the entrance of the Subject Property was constrained, hindered, and thwarted by the structural barriers, to wit; multiple concrete steps directly interceding between the sidewalk and the entrance door to the facility, and that which was incompatible for wheeled ambulation. More specifically, for purposes of this suit, multiple rising steps were entirely unnavigable for Plaintiff's wheelchair during her visits, and thus after coming upon the architectural barrier step, it was entirely untraversable, thus preventing her from accessing the public services therein.

10. Plaintiff has visited the Subject Premises and intends to return to utilize the goods, services, and accommodations offered to the public. However, she is deterred from returning while the discriminatory barriers and non-compliant policies described herein persist.

11. Plaintiff lives only several miles from the Defendants' Facility, passes by the Defendants' Facility at least once per week when he is doing errands, visiting family and friends throughout the borough, and looking to drink and eat out. Moreover, the Defendants' Facility is in a neighborhood that Plaintiff dines out at least two to three times per month. Foremost, Plaintiff has partaken at, and in, nearly all of the neighboring restaurants surrounding the subject facility that are all without obstructions about twice per month, including but not limited to the the Plymouth Cafe, 79 Apple, Fortune House, and Fascati Pizza amongst many others; and thereon affirms that she would eat at the Defendant's restaurant and avail herself of the goods and services offered to the public, were it not for the structural barriers inhibiting his ability to enter the subject facility and utilize the facilities, tables, and seating, all, in direct contravention of Title III of the ADA and provisions under the ADAAG

12. Pursuant to 42 U.S.C. § 12134(a), the Department of Justice, through the Office

of the Attorney General, published revised regulations for Title III of the Americans with Disabilities Act of 1990 in the Federal Register on September 15, 2010. These regulations required public accommodations to comply with the updated standards by March 15, 2012.

**13.** Plaintiff visited the Facility and encountered barriers to access at the Facility no less than two times, specifically in June 2024, and again on September 18, 2024, engaged the barrier when attempting to approach the entrance door, wherein Plaintiff encountered a set of architectural barrier steps before the entrance; and upon realizing the wheelchair could not safely traverse, caused Plaintiff to turn back and suffer legal harm and injury thereafter. There was no apparent mechanism for assistance, or other means for traversing said architectural barriers at these visits. Plaintiff will continue to suffer legal harm and injury as a result of the illegal barriers to access as set forth in greater detail herein. The Plaintiff continues to dine out in the neighborhood of the Defendants' subject property, and specifically plans to visit this subject property this summer and autumn with family and friends for nights out, as well as holidays and events; and will thereon continue to attempt to access the services and facilities at said premises which have been deprived at all times material..

**14.** Plaintiff has suffered harm and injury as a result of personally encountering barriers to access at the Subject Premises, and she will continue to suffer harm due to the Defendants' failure to address the ADA violations described herein.

**15.** On or about June 2024, and again on September 18, 2024, Plaintiff attempted to access the Subject Premises but was unable to do so due to her disability and the existence of physical barriers, dangerous conditions, and ADA violations that restricted his access to the property and its accommodations.

**16.** Plaintiff intends to return to the Subject Premises in the near future to utilize the

goods, services, and accommodations offered. However, her ability to do so is restricted by the ongoing physical barriers and ADA violations that limit access for individuals with disabilities.

## COUNT I
## VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT
**(Against All Defendants)**

17. Plaintiff restates Paragraphs 1-16 as though fully set forth herein.

18. Defendants, 71 PINEAPPLE, LLC and PINEAPPLE CAFE LLC, have discriminated against the Plaintiff and others with disabilities by failing to provide full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of the Subject Premises, as required by Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*, and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36.

19. 71 PINEAPPLE, LLC, as the owner of the Subject Premises, is responsible for ensuring that the property complies with the ADA, including removing architectural barriers where readily achievable as required by 42 U.S.C., § 12182(b)(2)(A)(iv).

20. PINEAPPLE CAFE LLC, as the operator of the business located at the Subject Premises, is responsible for ensuring that its policies, practices, and any barriers within its leased space comply with the ADA.

21. The Plaintiff's ability to access the Subject Premises and fully benefit from its goods, services, facilities, privileges, advantages, and accommodations is hindered by various physical barriers, unsafe conditions, and ADA violations, including but not limited to the following:

1. Inaccessible entrance.

2. Accessible route to establishment not provided as required.

3. Accessible means of egress not provided as required.

4. Existing step at entrance acts as a barrier to accessibility.

5. Required ramp not provided for step at entrance.

6. Required minimum maneuvering clearance not provided at entrance door.

7. Non-compliant change in floor level within required maneuvering clearance at entrance door.

> ADAAG 206 Accessible Routes
> ADAAG 206.1 General.
> Accessible routes shall be provided in accordance with 206 and shall comply with Chapter 4.
> ADAAG 206.2 Where Required.
> Accessible routes shall be provided where required by 206.2.
> ADAAG 206.2.1 Site Arrival Points.
> At least one accessible route shall be provided within the site from accessible parking spaces and accessible passenger loading zones; public streets and sidewalks; and public transportation stops to the accessible building or facility entrance they serve.
> ADAAG 206.4 Entrances.
> Entrances shall be provided in accordance with 206.4.
> Entrance doors, doorways, and gates shall comply with 404 and shall be on an accessible route complying with 402.
> ADAAG 206.4.1 Public Entrances.
> In addition to entrances required by 206.4.2 through 206.4.9, at least 60 percent of all public entrances shall comply with 404.
> ADAAG 207 Accessible Means of Egress
> ADAAG 207.1 General.
> Means of egress shall comply with section 1003.2.13 of the International Building Code (2000 edition and 2001 Supplement) or section 1007 of the International Building Code (2003 edition) (incorporated by reference, "Referenced Standards" in Chapter 1).
> ADAAG 402 Accessible Routes
> ADAAG 402.1 General.
> Accessible routes shall comply with 402.
> ADAAG 402.2 Components.
> Accessible routes shall consist of one or more of the following components: walking surfaces with a running slope not steeper than 1:20, doorways, ramps, curb ramps excluding the flared sides, elevators, and platform lifts. All components of an accessible route shall comply with the applicable requirements of Chapter 4.
> ADAAG 403 Walking Surfaces
> ADAAG 403.4 Changes in Level.
> Changes in level shall comply with 303.
> ADAAG 303.4 Ramps.
> Changes in level greater than ½ inch high shall be ramped, and shall comply with 405 or 406.

>ADAAG 404.2.4 Maneuvering Clearances.
>Minimum maneuvering clearances at doors and gates shall comply with 404.2.4. Maneuvering clearances shall extend the full width of the doorway and the required latch side or hinge side clearance.
>ADAAG 404.2.4.4 Floor or Ground Surface.
>Floor or ground surface within required maneuvering clearances shall comply with 302. Changes in level are not permitted.

8. Two dining counters located at interior dining area are inaccessible.

9. Non-compliant height of the two dining counters located at interior dining area exceeds maximum height allowance.

10. Required minimum toe clearance not provided at the two dining counters located at interior dining area.

11. Portion of the two dining counters required to be accessible not provided.

>ADAAG 226 Dining Surfaces and Work Surfaces
>ADAAG 226.1 General.
>Where dining surfaces are provided for the consumption of food or drink, at least 5 percent of the seating spaces and standing spaces at the dining surfaces shall comply with 902.
>ADAAG 902 Dining Surfaces and Work Surfaces
>ADAAG 902.1 General.
>Dining surfaces and work surfaces shall comply with 902.2 and 902.3.
>Advisory 902.1 General.
>Dining surfaces include, but are not limited to, bars, tables, lunch counters, and booths.
>ADAAG 902.2 Clear Floor or Ground Space.
>A clear floor space complying with 305 positioned for a forward approach shall be provided. Knee and toe clearance complying with 306 shall be provided.
>ADAAG 902.3 Height.
>The tops of dining surfaces and work surfaces shall be 28 inches (710 mm) minimum and 34 inches (865 mm) maximum above the finish floor or ground.
>ADAAG 306.2 Toe Clearance.
>ADAAG 306.2.3 Minimum Required Depth.
>Where toe clearance is required at an element as part of a clear floor space, the toe clearance shall extend 17 inches (430 mm) minimum under the element.
>ADAAG 306.2.5 Width.
>Toe clearance shall be 30 inches (760 mm) wide minimum.

12. Inaccessible dining tables located at interior and exterior dining areas.

13. Non-compliant height of dining tables located at interior and exterior dining areas exceeds maximum height allowance.

14. Required minimum knee and toe clearance not provided at dining tables located at interior and exterior dining areas.

15. Minimum percentage of existing dining tables located at interior and exterior dining areas required to be accessible not provided.

   ADAAG 226 Dining Surfaces and Work Surfaces
   ADAAG 226.1 General.
   Where dining surfaces are provided for the consumption of food or drink, at least 5 percent of the seating spaces and standing spaces at the dining surfaces shall comply with 902.
   ADAAG 902.2 Clear Floor or Ground Space.
   A clear floor space complying with 305 positioned for a forward approach shall be provided. Knee and toe clearance complying with 306 shall be provided.
   ADAAG 902.3 Height.
   The tops of dining surfaces and work surfaces shall be 28 inches (710 mm) minimum and 34 inches (865 mm) maximum above the finish floor or ground.
   ADAAG 306.2 Toe Clearance.
   ADAAG 306.2.3 Minimum Required Depth.
   Where toe clearance is required at an element as part of a clear floor space, the toe clearance shall extend 17 inches (430 mm) minimum under the element.
   ADAAG 306.2.5 Width.
   Toe clearance shall be 30 inches (760 mm) wide minimum.
   ADAAG 306.3 Knee Clearance.
   ADAAG 306.3.3 Minimum Required Depth.
   Where knee clearance is required under an element as part of a clear floor space, the knee clearance shall be 11 inches deep minimum at 9 inches above the ground, and 8 inches deep minimum at 27 inches (685 mm) above the finish floor or ground.
   ADAAG 306.3.5 Width.
   Knee clearance shall be 30 inches (760 mm) wide minimum.

16. Inaccessible exterior back dining area.

17. Accessible route leading to exterior back dining area not provided as required.

18. Steps leading to exterior back dining area act as a barrier to accessibility.

   ADAAG 206.2.5 Restaurants and Cafeterias.
   In restaurants and cafeterias, an accessible route shall be provided to all dining areas, including raised or sunken dining areas, and outdoor dining areas.
   ADAAG 206 Accessible Routes
   ADAAG 206.1 General.
   Accessible routes shall be provided in accordance with 206 and shall comply with Chapter 4.
   ADAAG 402.2 Components.

8

> Accessible routes shall consist of one or more of the following components: walking surfaces with a running slope not steeper than 1:20, doorways, ramps, curb ramps excluding the flared sides, elevators, and platform lifts. All components of an accessible route shall comply with the applicable requirements of Chapter 4.

19. Non-compliant existing handrails at steps leading to exterior back dining area.

20. Required handrail extensions not provided at existing handrails at steps leading to exterior back dining area.

    > ADAAG 505 Handrails
    > ADAAG 505.1 General.
    > Handrails provided along walking surfaces complying with 403, required at ramps complying with 405, and required at stairs complying with 504 shall comply with 505.
    > ADAAG 505.10 Handrail Extensions.
    > Handrail gripping surfaces shall extend beyond and in the same direction of stair flights and ramp runs in accordance with 505.10.
    > ADAAG 505.10.2 Top Extension at Stairs.
    > At the top of a stair flight, handrails shall extend horizontally above the landing for 12 inches (305 mm) minimum beginning directly above the first riser nosing. Extensions shall return to a wall, guard, or the landing surface, or shall be continuous to the handrail of an adjacent stair flight.
    > ADAAG 505.10.3 Bottom Extension at Stairs.
    > At the bottom of a stair flight, handrails shall extend at the slope of the stair flight for a horizontal distance at least equal to one tread depth beyond the last riser nosing. Extension shall return to a wall, guard, or the landing surface, or shall be continuous to the handrail of an adjacent stair flight.

21. Compliant signage identifying the restroom not provided as required.

    > ADAAG 216 Signs
    > ADAAG 216.1 General.
    > Signs shall be provided in accordance with 216 and shall comply with 703.
    > ADAAG 216.2 Designations.
    > Interior and exterior signs identifying permanent rooms and spaces shall comply with 703.1, 703.2, and 703.5. Where pictograms are provided as designations of permanent interior rooms and spaces, the pictograms shall comply with 703.6 and shall have text descriptors complying with 703.2 and 703.5.
    > Advisory 216.2 Designations.
    > Section 216.2 applies to signs that provide designations, labels, or names for interior rooms or spaces where the sign is not likely to change over time. Examples include interior signs labeling restrooms, room and floor numbers or letters, and room names. Tactile text descriptors are required for pictograms that are provided to label or identify a permanent room or space.

> Pictograms that provide information about a room or space, such as "no smoking," occupant logos, and the International Symbol of Accessibility, are not required to have text descriptors.
> ADAAG 703.1 General.
> Signs shall comply with 703. Where both visual and tactile characters are required, either one sign with both visual and tactile characters, or two separate signs, one with visual, and one with tactile characters, shall be provided.
> ADAAG 703.4.1 Height Above Finish Floor or Ground.
> Tactile characters on signs shall be located 48 inches (1220 mm) minimum above the finish floor or ground surface, measured from the baseline of the lowest tactile character and 60 inches (1525 mm) maximum above the finish floor or ground surface, measured from the baseline of the highest tactile character.
> ADAAG 703.4.2 Location.
> Where a tactile sign is provided at a door, the sign shall be located alongside the door at the latch side. Where a tactile sign is provided at double doors with one active leaf, the sign shall be located on the inactive leaf. Where a tactile sign is provided at double doors with two active leafs, the sign shall be located to the right of the right hand door. Where there is no wall space at the latch side of a single door or at the right side of double doors, signs shall be located on the nearest adjacent wall. Signs containing tactile characters shall be located so that a clear floor space of 18 inches (455 mm) minimum by 18 inches (455 mm) minimum, centered on the tactile characters, is provided beyond the arc of any door swing between the closed position and 45 degree open position.

22. Non-compliant door knob and lock at restroom door requires twisting of the wrist.

    > ADAAG 404 Doors, Doorways, and Gates
    > ADAAG 404.1 General.
    > Doors, doorways, and gates that are part of an accessible route shall comply with 404.
    > ADAAG 404.2.7 Door and Gate Hardware.
    > Handles, pulls, latches, locks, and other operable parts on doors and gates shall comply with 309.4.
    > ADAAG 309.4 Operation.
    > Operable parts shall be operable with one hand and shall not require tight grasping, pinching, or twisting of the wrist. The force required to activate operable parts shall be 5 pounds maximum.

23. Inaccessible water closet in restroom.

24. Required minimum clearance not provided at water closet in restroom.

    > ADAAG 604 Water Closets and Toilet Compartments
    > ADAAG 604.3 Clearance.
    > Clearances around water closets and in toilet compartments shall comply with 604.3.

10

>ADAAG 604.3.1 Size.
>Clearance around a water closet shall be 60 inches (1525 mm) minimum measured perpendicular from the side wall and 56 inches (1420 mm) minimum measured perpendicular from the rear wall.

25. Required grab bars not provided on rear and side walls of water closet in restroom.

    >ADAAG 604 Water Closets and Toilet Compartments
    >ADAAG 604.5 Grab Bars.
    >Grab bars for water closets shall comply with 609.
    >Grab bars shall be provided on the side wall closest to the water closet and on the rear wall.

26. Inaccessible flush control at water closet in restroom.

27. Non-compliant position of flush control located at closed side of water closet in restroom.

    >ADAAG 604 Water Closets and Toilet Compartments.
    >ADAAG 604.6 Flush Controls.
    >Flush controls shall be hand operated or automatic. Hand operated flush controls shall comply with 309. Flush controls shall be located on the open side of the water closet except in ambulatory accessible compartments complying with 604.8.2.

28. Inaccessible lavatory in restroom.

29. Required minimum knee and toe clearance not provided at lavatory in restroom.

    >ADAAG 606 Lavatories and Sinks.
    >ADAAG 606.2 Clear Floor Space.
    >A clear floor space complying with 305, positioned for a forward approach, and knee and toe clearance complying with 306 shall be provided.
    >ADAAG 306.2 Toe Clearance.
    >ADAAG 306.2.3 Minimum Required Depth.
    >Where toe clearance is required at an element as part of a clear floor space, the toe clearance shall extend 17 inches (430 mm) minimum under the element.
    >ADAAG 306.2.5 Width.
    >Toe clearance shall be 30 inches (760 mm) wide minimum.
    >ADAAG 306.3 Knee Clearance.
    >ADAAG 306.3.3 Minimum Required Depth.
    >Where knee clearance is required under an element as part of a clear floor space, the knee clearance shall be 11 inches deep minimum at 9 inches above the ground, and 8 inches deep minimum at 27 inches (685 mm) above the finish floor or ground.
    >ADAAG 306.3.5 Width.

>  Knee clearance shall be 30 inches (760 mm) wide minimum.

30. Inaccessible mirror in restroom.

31. Non-compliant mounted height of mirror in restroom exceeds maximum height allowance.

    > ADAAG 603.3 Mirrors.
    > Mirrors located above lavatories or countertops shall be installed with the bottom edge of the reflecting surface 40 inches (1015 mm) maximum above the finish floor or ground.
    > Mirrors not located above lavatories or countertops shall be installed with the bottom edge of the reflecting surface 35 inches (890 mm) maximum above the finish floor or ground.

**22.** Plaintiff has attempted to access the Subject Premises but has been denied full and equal enjoyment of the goods, services, programs, and activities offered due to her disability. The physical barriers, dangerous conditions, and ADA violations described above have caused Plaintiff to suffer harm, and Plaintiff reasonably expects to face continued discrimination unless and until Defendants are compelled to remove these barriers and comply with the ADA.

**23.** In addition to her personal interest in accessing the Subject Premises free of illegal barriers, Plaintiff is an advocate for the rights of individuals with disabilities and serves as a "tester" to ensure public accommodations comply with the ADA. Plaintiff has visited the Premises in her capacity as a tester, encountered barriers to access, engaged with those barriers, and suffered harm as a result. Plaintiff intends to return regularly to verify the Premises' compliance with the ADA and to confirm any modifications are properly maintained. Plaintiff believes that these violations will not be corrected without Court intervention, which will result in continued harm.

**24.** Plaintiff, in her capacity as a tester, will return to the Premises once Defendants make the necessary modifications to ensure accessibility for individuals with physical

disabilities. Plaintiff will verify compliance with the ADA and confirm that all modifications are complete.

**25.** The removal of the physical barriers, dangerous conditions, and ADA violations described herein is readily achievable and can be accomplished without significant difficulty or expense, as defined by 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); and 28 C.F.R. § 36.304.

**26.** Plaintiff is without an adequate remedy at law and is suffering irreparable harm. Plaintiff reasonably anticipates continued harm unless Defendants are required to remove the physical barriers, dangerous conditions, and ADA violations at the Subject Premises.

## RELIEF SOUGHT

**27.** Plaintiff seeks an injunction requiring Defendants to bring the Subject Premises into full compliance with the ADA and ADAAG by remediating all violations.

**28.** Pursuant to 42 U.S.C. §12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an order to alter the Subject Premises to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, and closing the Subject Premises until the requisite modifications are completed.

**29.** Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have her reasonable attorney's fees, costs and expenses paid by the Defendants, pursuant to 42 U.S.C., §§ 12205 and 12217.

**WHEREFORE**, Plaintiff respectfully requests that the Court issue a permanent injunction enjoining Defendants from continuing their discriminatory practices, ordering Defendants to remove the physical barriers to access and alter the Subject Premises to make it readily accessible to and useable by individuals with disabilities to the extent required by the

ADA, closing the Subject Premises until the barriers are removed and requisite alterations are completed, and awarding Plaintiff his reasonable attorney's fees, expert fees, costs, and litigation expenses incurred in this action.

        Respectfully submitted,

        BARDUCCI LAW FIRM, PLLC
        5 West 19th Street, 10th Floor
        New York, NY 10011
        (212) 433-2554

By:  /s/ Maria-Costanza Barducci
      Maria-Costanza Barducci, Esq.
        *Attorney for Plaintiff*
      Bar No. 5070487
      MC@BarducciLaw.com